1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERARDO CASTILLO-CHAVEZ,            No.  1:24-cv-00037-JLT-SKO (HC)

12              Petitioner,              **ORDER DENYING PETITIONER'S**
                                         **MOTION TO SUPPLEMENT PETITION**
13        v.
                                         **[Doc. 7]**
14
     WARDEN, USP-ATWATER,
15
                Respondent.
16

17

18        Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

19   writ of habeas corpus pursuant to 28 U.S.C. § 2241.

20        On January 8, 2024, Petitioner filed the instant petition.  (Doc. 1.)  The Court conducted a

     preliminary review of the petition and issued Findings and Recommendations to dismiss the
21
     petition for lack of jurisdiction on January 10, 2024.  (Doc. 5.)
22
          On January 22, 2024, Petitioner filed a motion to supplement the petition with an
23
     additional claim.  (Doc. 7.)  Petitioner is advised that the petition must be complete in and of
24
     itself.  See Rule 2(c), Fed. Rules Governing Section 2254 cases.  An amended petition is
25
     permitted pursuant to Rule 15(a) of the Fed. Rules of Civil Procedure, but the petition must stand
26
     alone and may not rely on other pleadings.  Local Rule 15-220 requires that an amended petition
27
     be complete in and of itself without reference to any prior pleading.  This is because, as a general
28

1

rule, an amended petition supersedes the original petition. See Loux v. Ray, 375 F.2d 55, 57 (9th Cir. 1967).

Pursuant to Rule 15(d) of the Fed. Rules of Civil Procedure, supplemental pleadings are permitted to the extent a party seeks to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Since Petitioner merely seeks to add an additional claim, supplementation will not be permitted. In any case, as fully discussed in the Findings and Recommendations and further discussed below, it is clear from Petitioner's argument and exhibits that the Court lacks jurisdiction to consider his claims. Moreover, the claim is without merit.

In his additional claim, Petitioner alleges his imprisonment is unlawful because the Judgment and Commitment Order ("J&C") was signed by Warden S.C. Holland and an unknown officer rather than by a U.S. marshal or deputy marshal. As with the initial petition, Petitioner fails to satisfy the savings clause. First, he fails to demonstrate that he has never had an unobstructed procedural opportunity to present the claim. The J&C was executed on February 28, 2013. (Doc. 7 at 6.) The claim was available when he was committed and before his first § 2255 motion. Second, the claim does not allege Petitioner is actually innocent. Petitioner does not contend that the conviction and sentence were incorrect, or that he was not delivered to the Bureau of Prisons to serve his sentence. He complains only that the commitment form was improperly executed.

Moreover, the claim is meritless. Title 18 U.S.C. § 3621(c) provides:

> When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it.

The purpose of delivering a J&C to the warden is to assist the Bureau of Prisons in keeping accurate records of inmates in custody. The purpose of delivering the Return to the sentencing court is to assure the court that the prisoner has been delivered to a place of custody. A defect in the form of the J&C can be corrected at any time by the sentencing court pursuant to Fed. R. Crim. Proc. § 36, but any lack of proper completion of the Return is not a clerical error, nor does

1    it confer any rights on the sentenced inmate.  As previously stated, Petitioner does not contend

2    that the J&C does not accurately reflect his sentence.

3       Based on the foregoing, Petitioner's motion to supplement his petition is DENIED.

4

5    IT IS SO ORDERED.

6    Dated:  **January 25, 2024**        */s/ Sheila K. Oberto*
7                  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28